IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL NADOLNY, # K-95062, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-1151-MJR |
| ) | |
| DAVID STOCK, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court for consideration of Plaintiff's Motion to Issue an Order to Pay the Filing Fee. (Doc. 2). Plaintiff, who is incarcerated at Centralia Correctional Center ("Centralia"), filed the motion on May 23, 2018, along with his *pro se* civil rights Complaint brought pursuant to 42 U.S.C. § 1983. The motion shall be denied.

Plaintiff states that he currently has sufficient funds to pay a $350.00 filing fee for this case, and wishes to pay it in full rather than in installments. (Doc. 2, p. 1). Plaintiff has not sought leave to proceed *in forma pauperis* ("IFP") in this action. A litigant who is granted IFP status is assessed a filing fee of only $350.00, because he is not charged the $50.00 administrative fee for filing an action in district court that applies to non-indigent filers.[1] Therefore, if Plaintiff does not plan to seek IFP status and wishes to pay the full filing fee in a lump sum, the amount he will owe is $400.00. Plaintiff should not need a court order to make this payment, but should be able to submit a payment request to the Trust Fund Officer at Centralia, to remit the funds from his inmate account.

---

[1] *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

1

Alternatively, if Plaintiff believes he may qualify to proceed IFP in this action, he may file a motion for leave to proceed IFP and submit it along with a certified copy of his inmate trust fund account statements for the 6 months preceding the filing of this action (Nov. 23, 2017 – May 23, 2018). *See* 28 U.S.C. § 1915(a)(2). If IFP status is granted, a prisoner is assessed an initial partial filing fee according to the formula in 28 U.S.C. § 1915(b)(1)(A)-(B). Thereafter, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). This monthly payment must be made each time the amount in the account exceeds $10.00 until the filing fee in the case is paid in full. *See id*. Even if IFP status is granted, a prisoner who has sufficient funds may request the prison Trust Fund Officer to remit payments higher than the amounts prescribed by § 1915(b)(2) if he wishes to pay the fee on an accelerated schedule.

Because Plaintiff has not been granted IFP status, and at this time has incurred the obligation to pay a $400.00 filing fee, the motion (Doc. 2) is **DENIED**.

The Clerk is **DIRECTED** to send Plaintiff a blank form motion for leave to proceed IFP, and the certification form for the Trust Fund Officer to complete.

**IT IS FURTHER ORDERED** that if Plaintiff desires to apply for IFP status, he shall complete and return the IFP motion and certification form within **30 days** (on or before June 25, 2018). Alternatively, if Plaintiff chooses to pay the full filing fee of $400.00, he shall submit that payment within the same 30-day deadline.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 24, 2018**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court
